UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHN D. MAYOR,
        Plaintiff,
                                                PRISONER
        v.                          CASE NO. 3:12-cv-1338 (AWT)

OFFICER JOHN ALVES, ET AL.,
        Defendants.

### RULING AND ORDER

The plaintiff, John D. Mayor, who is incarcerated and proceeding *pro se,* has filed a complaint pursuant to 42 U.S.C. § 1983.  He names Branford Police Officers John Alves, Bret C. Johnson, Michael Bonfiglio, Paul Perrotti, Lieutenant J. Finkle and the Branford Police Department as defendants.

The plaintiff alleges that on October 2, 2010, he was involved in an incident involving a gang of five bullies at the Chowder Pot Restaurant in Branford, Connecticut.  When he attempted to retreat from the gang, Branford Police Officer Alves shined a bright light from his police car into the plaintiff's face, one of the gang members kicked him, and he fell to the ground.  Officer Alves then exited his vehicle, grabbed the plaintiff by the back of the neck, smashed his face into the rear window of the police car and placed him in handcuffs.  Officer Alves then twisted the plaintiff's arm out of its socket and pushed him into the back of the police car, fracturing the plaintiff's ribs on the door hinges.  The plaintiff suffered a dislocated shoulder, an ankle sprain, fractured ribs, a ruptured

ear drum, dizziness and blurred vision.    The plaintiff seeks
monetary damages.

Pursuant to 28 U.S.C. § 1915A(b), the court must review
prisoner civil complaints against governmental actors and
"dismiss ... any portion of [a] complaint [that] is frivolous,
malicious, or fails to state a claim upon which relief may be
granted," or that "seeks monetary relief from a defendant who is
immune from such relief."  *Id.*  This requirement applies both
where the inmate has paid the filing fee and where he is
proceeding *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115
(2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of
Civil Procedure requires that a complaint contain "a short and
plain statement of the claim showing that the pleader is entitled
to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint
must contain sufficient factual matter, accepted as true, to
state a claim to relief that is plausible on its face.  A claim
has facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and
citations omitted).   A complaint that includes only "'labels and
conclusions,' 'a formulaic recitation of the elements of a cause
of action' or  'naked assertion[s]' devoid of 'further factual

2

enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

In order to state a claim for relief under 42 U.S.C. § 1983, the plaintiff must satisfy a two-part test.  First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law.  Second, the plaintiff must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986).

There is no mention of Branford Police Officers Bret C. Johnson, Michael Bonfiglio, Paul Perrotti and Lieutenant J. Finkle in the body of the complaint.  Thus, the plaintiff has not alleged that defendants Johnson, Bonfiglio, Perrotti or Finkle violated his federally or constitutionally protected rights.  All claims against these defendants are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as lacking an arguable legal or factual basis.

Municipal police departments are not independent legal entities and are not subject to suit under section 1983.  *See*

*Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn.

2005).  Thus, the complaint must be dismissed as to the Branford

Police Department pursuant to 28 U.S.C. § 1915A(b)(1) as lacking

an arguable legal basis.

Because the plaintiff's allegations against Branford Police

Officer Alves pertain to the use of force during his arrest, the

court construes these claims of excessive force against defendant

Alves as brought pursuant to the Fourth Amendment.  *See Hemphill*

*v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998) ("Excessive force

used by officers arresting suspects implicates the Fourth

Amendment's prohibition on unreasonable seizures, rather than the

Fourteenth Amendment's guarantee of substantive due

process.")(citation omitted).  The plaintiff sues defendant Alves

in his official and individual capacities.  Any claim against a

municipal official or employee in his official capacity is

considered to be a claim against the municipality.  *See Hafer v.*

*Melo*, 502 U.S. 21, 25 (1991).

In *Monell v. Department of Social Service*, 436 U.S. 658, 691

(1978), the Supreme Court set forth the test for municipal

liability.  To establish municipal liability for the allegedly

unconstitutional actions of a municipal employee, the plaintiff

must "plead and prove three elements: (1) an official policy or

custom that (2) causes the plaintiff to be subjected to (3) a

denial of a constitutional right."  *Wray v. City of New York*, 490

F.3d 189, 195 (2d Cir. 2007) (citation omitted).  A municipality
cannot be held liable under 42 U.S.C. § 1983 solely on a theory
of respondeat superior.  *See Monell*, 436 U.S. at 694-95.  The
plaintiff must demonstrate "a direct causal link between a
municipal policy or custom, and the alleged constitutional
deprivation."  *City of Canton v. Harris*, 489 U.S. 378, 385
(1989).

   The plaintiff has alleged no facts to suggest the existence
of a municipal policy or custom in this case.  The incident he
describes regarding the use of force by Officer Alves is
presented as an isolated occurrence.  *See Stengel v. City of
Hartford*, 652 F. Supp. 572, 574 (D. Conn. 1987) (noting that a
claim of municipal policy or custom requires allegations
consisting of more than a single isolated incident).  Because the
plaintiff has not alleged facts suggesting that the force used
against him by defendant Alves is something that also occurred at
other times, the plaintiff fails to state a claim for monetary
damages against defendant Alves in his official capacity.  The
official capacity claim against Officer Alves is dismissed.  *See*
28 U.S.C. § 1915A(b)(1).

   After reviewing the allegations as to defendant Alves in
his individual capacity, the court concludes that the case should
proceed at this time as to the Fourth Amendment claim of
excessive force against this defendant.

**ORDERS**

The court enters the following orders:

(1)  All claims against the Branford Police Department and defendants Johnson, Bonfiglio, Perrotti and Finkle and all claims against defendant Alves in his official capacity are hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The claim against defendant Officer John Alves in his individual capacity shall proceed.

(2)  Within fourteen (14) business days of this Order, the Pro Se Prisoner Litigation Office shall mail a waiver of service of process request packet to defendant Officer John Alves in his individual capacity at the Branford Police Department, 33 Laurel Street, Branford, CT 06405.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)  The defendant shall file his response to the complaint, either an answer or motion to dismiss, within seventy (70) days

from the date of this order.  If the defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He may also include any and all additional defenses permitted by the Federal Rules.

(5)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(6)  All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(7)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

It is so ordered.

Dated at Hartford, Connecticut this 26th day of February 2013.

_____/s/AWT_____
Alvin w. Thompson
United States District Judge
